TATE, Justice,
dissenting.
The writer respectfully dissents.
As the majority states, the sole issue is whether a person may be granted immunity from criminal prosecution by the state under La.C.Cr.P. art. 439.1, when there is no state criminal prosecution pending or at the time contemplated?
(1)
The context in which this grant of immunity is sought must be noted. In federal civil proceedings, the relators have refused to testify, claiming that to do so subjects them to criminal prosecution under state statutes forbidding agreements to restrain trade. Except for this privilege against self-incrimination under state statutes, the relators would be required to testify truthfully as to facts within their knowledge.
The majority concludes that, because no criminal proceedings against these relators are actually (now) contemplated, the state may not grant them immunity and thus require them to testify truthfully. May I suggest, as a commonsense observation, that, when the state does not even intend to prosecute, there is even less reason to permit these relators to refuse to testify for reasons founded upon a non-existent possibility that they might by so doing incriminate themselves?
The majority’s error results, in my opinion, from an extremely technical analysis of the immunity statute’s wording, without construing such wording in the light of the statute’s purpose.
As the proper analysis to be set forth below shows, the majority’s analysis leads to the functionally absurd result that a witness may refuse to testify truthfully upon a claim of possible self-incrimination but cannot nevertheless be immunized to give testimony, simply because in offering immunity the state also volunteers that it does not intend to prosecute him whether or not he is immunized. To grant immunity, the majority apparently feels, the state must first pretend it intends to conduct a prosecution, from which it is now immunizing him in order to obtain his truthful testimony.
(2)
Similar to the federal constitution, our state constitution provides that “No person shall be compelled to give evidence against himself”, Art. 1, Section 16, La. Constitution of 1974. In the context of this constitutional protection, the protection insures any person from being compelled to give evidence by which his guilt of a crime may be proved.
The constitutional provision does not encompass within the scope oí its protection any person being compelled to testify adverse to his own interest in civil proceedings, or concerning matters embarrassing to himself in any proceeding, so long as by being required to do so he does not subject himself to criminal prosecution or provide *1385 evidence of his guilt of a criminal offense. The majority opinion does not dispute these well-settled principles.
Thus, except when there is a possibility that a witness will thereby provide evidence for a criminal prosecution against himself, a witness is required (absent some other privilege not here claimed) to testify to the truth in civil or criminal proceedings, however embarrassing the truth may be or however hurtful it may be to his associates or however much it may implicate them in criminal activity. Again, the majority opinion does not dispute these equally well-settled principles.
The relators here claim, in the federal civil proceedings, that they subject themselves to state criminal prosecution if they testify. The federal court is required to honor this claim of privilege until the state grants immunity from such prosecution; nor may the federal authorities grant immunity to these witnesses in order to require them to testify to facts within their knowledge. State authorities alone may grant such immunity.
The mechanism by which state authorities may grant immunity is provided by La.C.Cr.P. art. 439.1, here sought to be invoked. Upon the joint request of the district attorney and the attorney general, full transactional and use immunity may be granted to the witness by the district court with jurisdiction over the offense with which the person may be charged or in which he may be called to testify as to any criminal charge of which the court has jurisdiction.
Upon its face, the statute does not require that criminal prosecution must be pending or that, before the immunity may be granted, the individual “shall ” be called to testify in a proceeding brought before a court of this state. Instead, it provides that this immunity may be sought if “any individual . . . may be called to testify . at any proceedings before a court of this state”. In simple English, this means to me that, if criminal prosecution may be brought in a particular judicial district as to an offense against state law, that district court has jurisdiction to grant immunity against prosecution to any individual “[who ] may be called to testify” in proceedings related to that prosecution, whether or not the prosecution is actually instituted or has been instituted.
Thus, the tenor of the statute is not to require intended prosecution before immunity is sought. It is rather to confer authority to grant immunity as to any individual “[who ] may be called to testify” in any prosecution that might possibly be brought in that district. The purpose of the provision is simply to delineate which district court may confer immunity, not to limit the jurisdiction of that district court to grant immunity depending upon for what purpose the compelled testimony (by reason of the immunity) is sought.
In my opinion, therefore, the majority errs in its overly-technical construction of the statute.
In addition, however, in my belief the majority overlooks that full and truthful testimony is the general objective sought for our civil and criminal proceedings. The exceptions by way of privilege, including that of self-incrimination, must be honored, for these involve constitutional and statutory principles to protect values of society deemed more important than the truth.
However, once (as here) these values of the self-incrimination privilege are preserved by a statute granting full use and transactional immunity for testimony sought to be educed, no reason exists to honor a claim that one cannot testify truthfully without exposing himself to criminal prosecution — for he cannot then be prosecuted on the basis of the evidence he gives or any leads resulting therefrom.
The majority has, in my opinion, beyond the statutory intent narrowed the state’s right to grant immunity. No statutory or functional purpose is served by this technical and narrowed construction of the statute.
Furthermore, the majority’s construction forces the state, in instances where the bar to the witness’s truthful testimony is *1386 sought to be removed, to pay at least lip-service to an intention to prosecute the witness or somebody else. By the very nature of the proceeding to grant immunity, the state has determined that a greater social value is served by obtaining the information from the witness rather than by prosecuting him.
I fear that the majority’s opinion has, contrary to the intention of the legislation, deprived the public and the state of an efficient means by which to free witnesses of the possibility of criminal prosecution, in return for which they are required to testify truthfully in any criminal or civil proceeding. The grant of immunity to accomplish this obviously worthwhile social purpose should not be hindered or ringed around with artificial technicalities.
The purpose and function of the statute would here be served by granting immunity: The only reason for the witness not testifying truthfully is thereby removed; and the legislative requirements to protect the public are here met, i. e., both the district attorney and the attorney general have joined in the request, and the district court (in which any prosecution involving that witness must be brought) has approved it.
I therefore respectfully dissent.